UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY ARAGON WRIGHT,

    Plaintiff,

v.                                 Case No.:  2:23-cv-383-JLB-KCD

CROSSCOUNTRY MORTGAGE,
LLC, DOVENMUEHLE
MORTGAGE, INC., EQUIFAX
INFORMATION SERVICES, LLC
and TRANSUNION, LLC,

    Defendants.
_____/

# ORDER

    Before the Court is Plaintiff Anthony Aragon Wright's Motion for Default Judgment (Doc. 36).[1] Wright seeks a final judgment against Defendant CrossCountry Mortgage, LLC. The motion is denied for the reasons below.

## I. Bckground

    Wright had the misfortune of buying a home just before Hurricane Ian arrived and damaged it. (Doc. 1 ¶¶ 26-28.) The hurricane also caused him to lose wages and incur emergency expenses, making it difficult to afford his mortgage payments. (*Id.* ¶¶ 30-33.) Wright relayed these concerns to his

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

lender, CrossCountry, which recommended he seek relief through its forbearance program. (*Id.* ¶ 34.) Wright applied and was granted a forbearance, suspending his mortgage payments for three months. (*Id.* ¶¶ 34-36.)

But CrossCrontry allegedly never honored the forbearance. According to Wright, CrossCountry wrongfully attempted to collect the mortgage and reported him as in default. (*Id.* ¶¶ 170-84.) This lawsuit under Fair Credit Reporting Act followed.

Although several co-defendants answered the complaint, CrossCountry did not and a clerk's default was entered. (Doc. 28.) That brings us to the current motion. Wright now seeks a final judgment against CrossCountry. (Doc. 36.)

## II. Discussion

A court may enter a default judgment when the complaint presents a sufficient basis for relief. Fed. R. Civ. P. 55(b). A sufficient basis exists if the complaint's well-pled factual allegations state a plausible claim for relief. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). But when multiple parties are involved in a lawsuit, as here, there is an added requirement. "[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if* the court expressly

determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added).

Determining whether there is just reason to delay entry of a final judgment "requires the district court to balance the judicial administrative interests and relative equitable concerns." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165-66 (11th Cir. 1997). Circumstances that give rise to Rule 54(b) certifications are rare. *Id.* at 166. Partial final judgments are reserved for those unique instances where the "pressing needs of the litigants" are outweighed by "the risks of multiplying the number of proceedings and overcrowding the appellate docket." *Id.* Against this backdrop, district courts have been counseled to exercise discretion under Rule 54(b) "conservatively." *Id.*

Wright does not mention Rule 54(b) despite its applicability here. *See N. Pointe Ins. Co. v. Glob. Roofing & Sheet Metal, Inc.*, No. 6:12-CV-476-ORL-31, 2012 WL 5378826, at *3 (M.D. Fla. Sept. 4, 2012). That alone is dispositive of his request for a default judgment against CrossCountry. But even considering Rule 54 in the first instance, the Court finds it appropriate to delay entry of a final judgment for at least two reasons.

First, in a multi-defendant action where only some parties default, "[t]he 'preferred practice' is to withhold granting default judgment . . . until there is an adjudication on the merits as to the non-defaulted defendants." *Nautilus*

*Ins. Co. v. A.J. Cardinal Grp. LLC*, No. 8:18-CV-2778-T-60CPT, 2019 WL 5072094, at *1 (M.D. Fla. Aug. 1, 2019). This avoids inconsistent judgments in situations where the plaintiff's claims depend on the same operative facts and seek substantially the same relief. Those are the circumstances here—Counts III and VII[2] are brought against both CrossCountry and Defendant Dovenmuehle Mortgage, LLC. (Doc. 1 ¶¶ 170-84.) Unlike CrossCountry, Dovenmuehle has responded to the complaint. (Doc. 31.) Further, the counts are based on the same facts and seek the same relief. (*See id.*) Thus, because Counts III and VII are brought against both defaulted and non-defaulted defendants, and are based on the same evidence, final judgment should be delayed against CrossCountry. This avoids the possibility that inconsistent judgments will later be made regarding the non-defaulting defendants.

Second, denying entry of a judgment furthers the judicial administrative interest in avoiding piecemeal litigation. *Ebrahimi*, 114 F.3d at 166. In instances where "the factual underpinnings of [plaintiff's] adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)." *Id.* The factual underpinnings of Wright's claims are intertwined. Thus, granting relief under Rule 54 would only invite piecemeal litigation. As

---

[2] Count VII is presumably meant to be labeled "Count IV" because it is the fourth and final claim listed in the complaint.

the Eleventh Circuit has said time and again, it's often better to wait until there is finality to enter judgment. Such is the case here.

Accordingly, it is now **ORDERED**:

Wright's Motion for Entry of Default Judgment (Doc. 36) is **DENIED WITHOUT PREJUDICE**. Wright can petition for a default judgment against CrossCountry when the case concludes as to the remaining defendants.

**ENTERED** in Fort Myers, Florida on August 11, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record