# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

| | |
|---|---|
| ANTHONY ARAGON WRIGHT,<br><br>        Plaintiff,<br><br>v.<br><br>CROSSCOUNTRY MORTGAGE, LLC; DOVENMUEHLE MORTGAGE, INC.; EQUIFAX INFORMATION SERVICES, LLC and TRANS UNION LLC,<br><br>        Defendants. | Case No. 2:23-cv-00383-JLB-KCD<br><br><br>**RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

Plaintiff Anthony Aragon Wright, by and through undersigned counsel, respectfully submits this renewed motion for entry of judgment by default against Defendant CrossCountry Mortgage, LLC ("CrossCountry") pursuant to Fed. R. Civ. P. 55(b)(2). In support of this Motion Plaintiff relies upon the record in this case, the following memorandum of law and accompanying exhibits.

## Table of Contents

I.   RELEVANT FACTUAL BACKGROUND. ....................................................3

II.  PROCEDURAL BACKGROUND. ................................................................9

III. LEGAL STANDARD. ..................................................................................10

IV. ARGUMENT. ...............................................................................................11

**A. The Court Should Enter Default Judgment Against CrossCountry Because the Clerk's Entry of Default was Proper.** ........................................12

**B. The Court Should Enter Default Judgment Because the Complaint Adequately Alleges Facts to State a Claim that CrossCountry Violated Plaintiff's FCCPA Rights.** ..............................................................12

**C. The Court Should Find CrossCountry Willfully Violated Plaintiff's FCCPA Rights Because Plaintiff Communicated To CrossCountry At Least Five Times.** .................................................................................15

**V. RELIEF REQUESTED.** ....................................................................17

**A. The Court Should Award Attorneys' Fees, and Costs without a Hearing.** 18

**B. Plaintiff Respectfully Request that the Court Conduct a Hearing to Determine the Amount of Damages Plaintiff is Entitled to.** .........................18

**VI. CONCLUSION.** ..............................................................................20

## MEMORANDUM OF LAW

## I.    RELEVANT FACTUAL BACKGROUND.

As alleged in the Complaint (doc. 1), this case arises out of CrossCountry's mishandling of a forbearance agreement with Plaintiff after Plaintiff's home and life were devastated by Hurricane Ian. As a direct result of CrossCountry's mishandling of the forbearance agreement, Plaintiff has been forced to relive the pain, stress, and suffering of Hurricane Ian, and the extreme distress from the fear of losing their family's home. CrossCountry further withheld until June 30, insurance proceeds which were due to Plaintiff to repair his home.

On May 16, 2022, Plaintiff co-signed on a mortgage loan from CrossCountry with his sister-in-law for his family's home in Florida. In September 2022, when Hurricane Ian hit Florida, Plaintiff's home was devastated. The hurricane's immediacy and surprise affected the ability of Floridians such as Plaintiff from being able to make timely mortgage payments. On October 7, 2022, Plaintiff called CrossCountry to inquire about mortgage relief options. CrossCountry's representative directed Plaintiff to its Hurricane Ian Forbearance program which would suspend mortgage payments for several months and simply add them on to the end of Plaintiff's mortgage. Specifically, the program would suspend Plaintiff's payments for October, November, and December of 2022. Seeing no other option to keep his home, Plaintiff agreed to and applied for the forbearance. CrossCountry's

representative entered Plaintiff into the forbearance program and directed Plaintiff to call in every month to confirm his forbearance status.

Plaintiff received a letter from CrossCountry confirming that the Forbearance program would suspend the aforementioned payments. The letter stated that there was an enclosed agreement, but there were no enclosures. Plaintiff was concerned so he immediately called CrossCountry. CrossCountry's representative told Plaintiff not to worry because of the overwhelming circumstances of the hurricane. Plaintiff then received another letter from CrossCountry dated October 24, 2022 stating that Plaintiff was late on payments. Plaintiff immediately called CrossCountry and explained he was in their Forbearance program. The representative apologized and stated that the notation would be added to Plaintiff's file immediately.

On October 26, Plaintiff called CrossCountry again and spoke to a representative to confirm that he was in Forbearance status. The representative confirmed that his Forbearance was approved two days prior and stated that all the late fees would be removed. On November 7, however, Plaintiff received another "reminder notice" from CrossCountry. Plaintiff immediately called CrossCountry's collections department and explained he had been approved for Forbearance. The representative stated they would make a note on Plaintiff's file. On November 29 Plaintiff called to confirm his Forbearance status as requested by CrossCountry.

On December 27, 2022, Plaintiff sent in his regular January 2023 payment

and attached the forbearance letter he had received in October. In January, Plaintiff received a statement from CrossCountry indicating his monthly payments had shot up. Upon information and belief, the increased monthly payments were due only to the non-payment in October, November, and December 2022 when Plaintiff was in Forbearance status.

In January Plaintiff's sister-in-law that had cosigned the mortgage with Plaintiff attempted to cosign for a new car for her son. The car loan was denied based on a consumer report provided by Trans Union. Plaintiff's sister-in-law informed Plaintiff of the inaccurate information. Plaintiff then discovered CrossCountry had directed his January 2023 payment to cover the purported debt for October 2022 rather than the January 2023 payment as intended, in contravention to the forbearance agreement. Put simply, CrossCountry was negligently, recklessly, or intentionally mishandling the forbearance agreement.

On January 25, 2023, Plaintiff received a call from his loan officer asking why there was an "in default" remark on Plaintiff's loan. Plaintiff explained the forbearance agreement to his loan officer and she reviewed Plaintiff's record finding that the account had been "miscoded" based on her similarly affected customers. Plaintiff's account had no natural disaster code and was simply coded as "in default." Plaintiff's loan officer explained that she would escalate the matter with her manager and attempt to get Plaintiff's records fixed.

On January 25, 2023, Plaintiff also sent in his "updated" payment of $150 more than before. Plaintiff then reviewed his consumer reports and was shocked to discover that Equifax, Trans Union, and Experian were each reporting late payments on the account associated with the CrossCountry mortgage. Further, the balance owed on Plaintiff's account had been inflated to account for non-payments. Surprisingly, both Equifax and Trans Union were remarking the CrossCountry account as "[a]ffected by natural disaster."

In March 2023 Plaintiff switched jobs and had to return his work vehicle to his employer. As a result, Plaintiff's family had only one car. Worried that the inaccurate information would be published by Equifax or Trans Union Plaintiff applied for pre-qualification with Capital One Auto Finance. Capital One Auto Finance informed Plaintiff his pre-qualification has been denied in a letter dated March 29, 2023 citing "too many delinquent past or present mortgage credit obligations." (Doc. 1 at ¶78). The only mortgage or real estate debt on Plaintiff's reports is the CrossCountry account. Capital One's denial has deterred Plaintiff from applying with other auto loan lenders requiring his family to spend more time and money on alternative transportation.

Plaintiff communicated with CrossCountry on several occasions and was assured that the forbearance has been approved, and that CrossCountry's mistakes in sending collection attempts and reporting Plaintiff as late in his payments would

*Wright v. CrossCrountry Mortgage LLC, et al.*
Renewed Motion for Default Judgement
Against CrossCountry

be corrected in due time. Instead, even to this day, CrossCountry has been attempting to trick Plaintiff into executing a new promissory note for the allegedly missed payments and late fees, and a modification of his mortgage.

It has taken Plaintiff an incredible amount of time and patience to communicate with CrossCountry, document events, and make the increased payments demanded by CrossCountry, all of which affected his and his family's well being and their ability to recover from Hurricane Ian, as well as spend time on their personal obligations and enjoyment of their free time.

In addition to impacting his work productivity and income, dealing with the consequences of CRAs and Furnishers' unlawful conduct has strained Plaintiff's family relationships, including with his wife and his sister-in-law.

CrossCountry particularly was repeatedly put on notice and even recognized that the mistake originated in the miscoding of Plaintiff's debt as "in default", when it should have been coded as in forbearance due to being affected by a natural disaster.

Upon information and belief, CrossCountry had actual and/or imputed notice that Plaintiff had been approved for forbearance for the months of October, November and December 2022.

Nonetheless, CrossCountry has been attempting to collect from Plaintiff the principal, interest and late fees when Plaintiff was in forbearance for. On multiple

times, CrossCountry attempted to collect from Plaintiff by calling Plaintiff on the phone. On multiple occasions, CrossCountry attempted to collect from Plaintiff by sending collection letters. CrossCountry attempted to collect from Plaintiff by sending a promissory note to include the principal, interest and late fees when Plaintiff was in forbearance to Plaintiff's mortgage.

CrossCountry has increased Plaintiff's monthly payments due to, in whole or in part, the principal, interest and late fees when Plaintiff was in forbearance. CrossCountry has misapplied Plaintiff's monthly payments for the months of January, February, March, April, and May, to principal, interest and late fees — incorrectly— considered in default for the months of October, November and December 2022.

On or about May 23, 2023, Plaintiff received yet another collection attempt from CrossCountry. On its letter, dated May 10, 2023, CrossCountry stated it would withhold the insurance proceeds from the damage caused to Plaintiff's home by Hurricane Ian, because CrossCountry —incorrectly— claimed that Plaintiff was in default on his monthly payments.

All of the cited collection attempts by CrossCountry were in violation of the Forbearance that CrossCountry had approved Plaintiff for.

As a result of CrossCountry's violation of the FCCPA, Plaintiff has been harmed. Each and every attempt to collect from CrossCountry since January 2023,

*Wright v. CrossCrountry Mortgage LLC, et al.*
Renewed Motion for Default Judgement
Against CrossCountry

concerning October, November and December 2023, forced Plaintiff to relive and compound the pain, stress, and suffering from the consequences of Hurricane Ian, confusion about the relief CrossCountry had promised under the Forbearance, and extreme distress from the fear of losing their family's home. Each and every attempt to collect from CrossCountry caused Plaintiff's relationship to his wife and sister-in-law to strain. Upon each and every attempt to collect from CrossCountry, Plaintiff had to expend time, effort and money into attempting to have CrossCountry correct its inaccurate records and cease making unlawful collection attempts.

## II.    <u>PROCEDURAL BACKGROUND.</u>

As relevant to this motion, Plaintiff filed this instant action against CrossCountry on May 30, 2023 alleging violations of Plaintiff's rights under the Florida Consumer Collection Practices Act ("FCCPA"). The Summons and Complaint were served on CrossCountry on June 8, 2023. (*See* doc. 10.) In accordance with Fed. R. Civ. P. 12(a)(1)(A)(i), CrossCountry's answer was due June 29, 2023. CrossCountry failed to appear, answer, or otherwise plead.

On July 5, 2023, Plaintiff applied for the default of CrossCountry. (Doc. 27.) The Clerk entered default on July 5, 2023. (Doc. 28.)

On October 6, 2023, Plaintiff moved for default judgment against CrossCountry (docs. 35-36), and the Court denied the motion finding that the claims against CrossCountry were intertwined with claims against another defendant (doc.

42).

On January 30, 2024, only CrossCountry remaining in this case, the Court set February 6 as the deadline by which to move for default judgment. (Doc. 42.)

## III.  LEGAL STANDARD.

After the clerk has entered default, if Plaintiff's claim is "[not] for a sum certain or a sum that can be made certain by computation," Plaintiff "must apply to the court for entry of default judgment. Fed. R. Civ. P. 55(b). Rule 55(b)(2) authorizes the court to enter default judgment. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). When default judgment is entered, "the defendant 'admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment and is barred from contesting on appeal the facts thus established.'" *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Before entering default judgment, a court must ensure that the well-pleaded allegations in a complaint adequately state a claim for which relief may be granted. *See Eagle Hosp. Physicians*, *LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). The standard for determining whether the allegations of fact in the complaint are of a sufficient basis is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th

Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Once a plaintiff has established a sufficient basis for liability, it is within the Court's discretion to choose whether an evidentiary hearing on the appropriate amount of damages should take place. *See Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (finding that Fed. R. Civ. P. 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion"); *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("An evidentiary hearing is not a per se requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone."). Once the appropriate amount of damages is determined, the court must enter a final judgment award in that amount. *Nishimatsu Construction Co., Ltd. V. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

## IV.    <u>ARGUMENT.</u>

Default judgment against CrossCountry is appropriate under the circumstances in this case. First, the Clerk of Court properly entered default against CrossCountry upon Plaintiff's request, supported by the required affidavit, and

CrossCountry has since failed to appear or move to set aside the default. Second, accepting the well-pleaded allegations, the Complaint adequately states Plaintiff's claims against CrossCountry for violations of the FCCPA.

**A.    The Court Should Enter Default Judgment Against CrossCountry Because the Clerk's Entry of Default was Proper.**

Plaintiff established "by affidavit" that CrossCountry "failed to plead or otherwise defend" against the served Complaint pursuant to Fed. R. Civ. P. 55(a). (Doc. 27.) Thereafter, relying on the record of this case, the Clerk properly entered default against CrossCountry. (Doc. 28.) Since default was entered on July 5, 2023, CrossCountry still has failed to answer or otherwise response to the Complaint, or to move to set aside the default. (Decl. of Teran, ¶10.)

**B.    The Court Should Enter Default Judgment Because the Complaint Adequately Alleges Facts to State a Claim that CrossCountry Violated Plaintiff's FCCPA Rights.**

In his Complaint, Plaintiff adequately alleges facts that allow the Court to draw the reasonable inference that CrossCountry negligently and/or willfully violated §559.55, Fla. Stat. when CrossCountry attempted to collect mortgage payments, including interest and late fees, for months when CrossCountry had approved Plaintiff's forbearance due to Hurricane Ian. CrossCountry's collection attempts were made by phone and by mail, including the mailing of a new

promissory note to incorporate the incorrectly missed payments, interest and late fees to the mortgage. CrossCountry has also misapplied payments made by Plaintiff after his forbearance, thereby manufacturing further default by Plaintiff. CrossCountry has further violated the FCCPA by withholding insurance proceeds due to Plaintiff to repair his home on the incorrect claim that Plaintiff was in default. CrossCountry had ample evidence that CrossCountry itself had approved Plaintiff for forbearance, and Plaintiff called and communicated with CrossCountry several times and each time CrossCountry acknowledged its mistakes but then failed to correct its mistakes.

The FCCPA prohibits certain practices conducted by a "debt collector" in connection with "consumer debt". The FCCPA defines a "debt collector" to include any "person" who collects debts. §559.55(7). *Kelliher v. Target Nat. Bank*, 826 F. Supp. 2d 1324, 1327 (M.D. Fla. 2011) ("Although the federal FDCPA does not apply to original creditors, the FCCPA has been interpreted to apply to original creditors as well as debt collection agencies.")). "[T]he purchase of a home is a consumer transaction for purposes of the FCCPA." *Kelly v. Duggan*, 282 So. 3d 969, 972 (Fla. 1st DCA 2019) (citing *Bank of Am., N.A. v. Siefker*, 201 So. 3d 811, 815 (Fla. 4th DCA 2016)).

Plaintiff alleges that CrossCountry violated §559.72(9):

559.72 Prohibited practices generally.—In collecting consumer debts,

no person shall: . . . (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

§559.72(9), Fla. Stat. "Section 559(9) requires by its terms *actual* knowledge." *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1337 (M.D. Fla. 2010).

Accepting the well-pleaded factual allegations of Plaintiff's Complaint as true, Plaintiff has pleaded all material facts needed to support his claims that CrossCountry's conduct was violative of the FCCPA. As detailed in Plaintiff's Complaint, Plaintiff provides adequate factual allegations that Plaintiff's debt is "consumer debt" and that CrossCountry is a "debt collector" within the meaning of the FCCPA. Plaintiff has additionally pleaded that CrossCountry itself approved Plaintiff's forbearance, sent forbearance papers, and each time Plaintiff contacted CrossCountry, the representative acknowledged that Plaintiff's forbearance had been approved yet "miscoded". Plaintiff has further pleaded that CrossCountry continued to claim, attempt, or threaten to enforce the mortgage payments by telephone and mail, including misapplying Plaintiff's January 2023 payment and withholding Plaintiff's insurance proceeds.

Plaintiff has sufficiently alleged facts that Defendant CrossCountry violated the FCCPA because CrossCountry attempted to enforce a debt that CrossCountry abundantly knew was not legitimate. The Court should grant Plaintiff's Motion for Entry of Default Judgement finding that CrossCountry is liable to Plaintiff under the

*Wright v. CrossCrountry Mortgage LLC, et al.*
Renewed Motion for Default Judgement
Against CrossCountry

FCCPA.

**C.    The Court Should Find CrossCountry Willfully Violated Plaintiff's FCCPA Rights Because Plaintiff Communicated To CrossCountry At Least Five Times.**

CrossCountry continued to claim, attempt and threaten enforcement of the mortgage payments for the months in forbearance despite receiving at least five communications from Plaintiff and acknowledging its mistake and promising correction.

To award punitive damages for violations of the FCCPA, the Court should apply the standards of §768.72, Fla. Stat. *Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1215 (M.D. Fla. 2015) (citations omitted).

> A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence.

§768.72, Fla. Stat.

Here, Plaintiff alleges he contacted CrossCountry at least five times: on or about October 24 (doc. 1 at ¶40), on or about October 26 (¶43), on or about November 29 (¶47), on or about January 25 (¶60), and on or about February 4 (¶74). Each time, CrossCountry acknowledged the mistake but failed to take corrective action. As a result, Plaintiff continued to receive collection attempts and mortgage statements with incorrect balances. CrossCountry further misapplied Plaintiff's

payments. More importantly, evincing a high degree of "gross negligence", CrossCountry withheld insurance proceeds owed Plaintiff to repair his home until June 30, 2023.

In *Goodin*, the plaintiffs had taken a mortgage and thereafter filed for bankruptcy under Chapter 13. *Goodin*, 114 F. Supp. 3d at 1201. The plaintiffs were always in compliance with their Chapter 13 plan. *Id*. However, because the defendant had not filed a transfer of claim with the Bankruptcy Court, payments owed to the defendant remained with the Court's registry. *Id*. After the plaintiffs completed their Chapter 13 plan and received a discharge, the defendant sent plaintiffs a letter stating the plaintiffs were in default and they would incur late fees. *Id*. at 1202. The plaintiffs contacted the defendant several times to inform the defendant that their payments were held in the Court's registry and defendant needed to file a transfer of claim. *Id*. Still, the plaintiffs continued to receive collection attempts and statements with incorrect balances owed. *Id*. at 1203. Eventually, despite several attempts from the plaintiffs for the defendant to file the transfer of claim and obtain the funds from the Court's registry, the defendant filed a mortgage foreclosure action. *Id*.

In *Goodin*, the Court held that it was the Defendant's failure to respond to Plaintiff's many efforts to correct Defendant's errors that rose Defendant's negligence to the level of "gross negligence". *Id*. at 1215.

*Wright v. CrossCountry Mortgage LLC, et al.*
Renewed Motion for Default Judgement
Against CrossCountry

> In taking no action to prevent the errors from continuing, even after being repeatedly notified of them, the Bank employees' conduct was so wanting in care that it constituted a conscious disregard and indifference to the Goodins' rights. It was as if the Goodins did not exist. . . The Bank employees' continued gross negligence was only stopped by the filing of this federal lawsuit.

*Id*.

To this day, despite the at least five attempts from Plaintiff, CrossCountry continued to misstate the balance owed, misapply payments, and withhold Plaintiff's insurance proceeds. Therefore, The Court should grant Plaintiff's Motion for Entry of Default Judgement finding that CrossCountry is liable to Plaintiff for punitive damages.

## V.    <u>RELIEF REQUESTED.</u>

CrossCountry's failure to defend this action justifies the entry of default judgment. The Complaint adequately describes how CrossCountry failed to comply with the FCCPA and states the basis and types of damages to which Plaintiff is entitled. The Complaint further establishes sufficient facts for the Court to find that CrossCountry is guilty of gross negligence and thus liable to Plaintiff for punitive damages. Therefore, the only remaining question is appropriate relief to compensate Plaintiff for CrossCountry's harmful, violative conduct. The Court has the power to award the relief provided to consumers by the FCCPA §559.77(2) Fla. Stat.

The FCCPA provides that Plaintiff may recover actual damages, statutory damages of up to $1,000, punitive damages, attorneys' fees and costs. §559.77(2).

## A.    The Court Should Award Attorneys' Fees, and Costs without a Hearing.

Damages may be awarded without a hearing where the record adequately reflects the basis for the award through detailed affidavits establishing the necessary facts. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

A plaintiff who prevails in an action brought under the FCCPA is entitled to attorneys' fees and costs as follows: "Any person who fails to comply with any provision of s. 559.72 is liable for . . . together with court costs and reasonable attorney's fees incurred by the plaintiff." §559.77(2). Plaintiff is requesting his reasonable attorneys' fees and costs expended to prosecute Plaintiff's claims in this instant action and to pursue default judgment against CrossCountry. (Decl. of Teran at ¶¶11-16.) This award is calculable without the need for a hearing, and thus, Plaintiff respectfully requests that the Court award Plaintiff's attorney's fees as requested in the concurrently filed declaration.

## B.    Plaintiff Respectfully Request that the Court Award Actual and Punitive Damages.

In his Complaint, Plaintiff requests "[a]ctual, statutory and punitive damages pursuant to §559.77(2), Fla. Stat."; and "other and further relief as the Court may deem just and proper." (Doc. 1 at 33.)

In addition to his costs and attorneys' fees incurred in attempting to exercise his rights as a consumer, Plaintiff is requesting compensatory relief for his actual damages. Specifically, each and every attempt to collect from CrossCountry since January 2023, concerning October, November and December 2023, forced Plaintiff to relive and compound the pain, stress, and suffering from the consequences of Hurricane Ian, confusion about the relief CrossCountry had promised under the Forbearance, and extreme distress from the fear of losing their family's home. Each and every attempt to collect from CrossCountry caused Plaintiff's relationship to his wife and sister-in-law to strain. Upon each and every attempt to collect from CrossCountry, Plaintiff had to expend time, effort and money into attempting to have CrossCountry correct its inaccurate records and cease making unlawful collection attempts. Finally, CrossCountry withheld insurance proceeds due Plaintiff to repair his home. Because Plaintiff has a reasonable fear of losing his home, Plaintiff had not expended his own funds to repair the home, and thus Plaintiff's home is still unrepaired and likely will not be able to stand another hurricane, especially being so close to the worst months of the hurricane season.

"Actual damages may include mental distress, even in the absence of out-of-pocket expenses or physical injury." *Id.* 817 Fed. Appx. at 863. While Plaintiff's emotional distress damages are difficult to calculate —precisely why such questions are typically left for the jury to decide— they are definitively included within the

term "actual damages." *Id.*

Plaintiff prays that the Court award him the following:

Actual Damages: $10,000

Punitive Damages: $10,000

(See, Aff. of Wright.)

## VI.    <u>CONCLUSION.</u>

The record in this case supports that CrossCountry has failed to timely answer, plead, or otherwise defend in this instant action. Furthermore, the Complaint sufficiently alleges that CrossCountry violated the FCCPA with gross negligence. For the foregoing reasons, Plaintiff respectfully requests that this Honorable court enter Default Judgment against CrossCountry pursuant to Fed. R. Civ. P. 55(b)(2). Plaintiff requests that the Court enter an award for actual damages of $10,000, punitive damages of $10,000, and attorneys' fees and costs of $.

RESPECTFULLY SUBMITTED, February 5, 2024.

CONSUMER ATTORNEYS

*/s/ Santiago J Teran*
Santiago J Teran (FL Bar No. 1018985)
steran@consumerattorneys.com
Consumer Attorneys
2125 Biscayne Blvd., Ste 206
Miami, FL 33137
Mobile: (347) 946-7990
Facsimile: (718) 715-1750

Consumer Attorneys

*Wright v. CrossCountry Mortgage LLC, et al.*
Renewed Motion for Default Judgement
Against CrossCountry

8245 N. 85th Way
Scottsdale, AZ 85258

*Attorneys for Plaintiff*
*Anthony Aragon Wright*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Susan Allsopp*