UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY ARAGON WRIGHT,

    Plaintiff,

v.                                     Case No.:  2:23-cv-383-JLB-KCD

CROSSCOUNTRY MORTGAGE, LLC,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

Before the Court is Plaintiff Anthony Wright's Motion for Entry of Default Judgment against CrossCountry Mortgage, LLC. (Doc. 79).[1] A clerk's default was entered against CrossCountry (Doc. 28) because it did not answer despite having been served (Doc. 10). CrossCountry also failed to respond to the pending motion, and the time to do so has passed.

Having reviewed Wright's motion and the complaint, the Court recommends entering default judgment as to CrossCountry's liability under Florida Consumer Collection Practices Act ("FCCPA"). The Court further recommends awarding Wright $1,000 in statutory damages while deferring judgment on actual and punitive damages until an evidentiary hearing can be

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

held. Additionally, Wright's request for attorney's fees and costs is premature under Local Rule 7.01. Thus, the Court recommends directing him to move separately for those fees. Finally, the Court recommends dismissing Wright's Fair Credit Reporting Act ("FCRA") claim because it has been abandoned.

## I. Background

The Court takes the facts below from the complaint, which are admitted by CrossCountry's default. Wright had the misfortune of buying a home just before Hurricane Ian arrived and damaged it. (Doc. 1 ¶¶ 26-28.) The hurricane also caused him to lose wages and incur emergency expenses, making it difficult to afford his mortgage payments. (*Id.* ¶¶ 30-33.) Wright relayed these concerns to his lender, CrossCountry, which recommended he seek relief through its forbearance program. (*Id.* ¶ 34.) Wright applied and was granted a forbearance, suspending his mortgage payments for three months. (*Id.* ¶¶ 34-36, 38.) But CrossCountry never honored the forbearance. According to Wright, CrossCountry wrongfully tried to collect the mortgage and reported him in default. (*Id.* ¶¶ 170-84.) Wright's credit score and standing were thereby reduced. (*Id.* ¶ 75.)

This lawsuit under the FCRA and FCCPA followed. Despite having been served, CrossCountry did not answer or otherwise appear, and the Clerk has entered a default against it. (Docs. 10, 28.) That brings us to the current motion. Wright now seeks a final judgment against CrossCountry. (Doc. 79.)

2

## II. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Golembiewski v. Waters Pointe Apartments, LLC*, No. 823CV00081KKMAEP, 2023 WL 4931218, at *2 (M.D. Fla. June 27, 2023). "The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment." *Petition of Daytona Beach Aqua Safari, Inc. v. Castle*, No. 6:22-CV-740-CEM-DCI, 2023 WL 2329090, at *1 (M.D. Fla. Feb. 10, 2023). First, when a defendant "fails to plead or otherwise defend," the Clerk enters default. *Id.* By defaulting, the defendant admits the well-pleaded factual allegations in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "Second, after obtaining [a] clerk's default, the plaintiff must move for default judgment." *Daytona Beach Aqua Safari, Inc.*, 2023 WL 2329090, at *1.

"Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." *Golembiewski*, 2023 WL 4931218, at *2. "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-CV-545-FTM-29, 2012 WL 1890829, at *2 (M.D. Fla. May 24, 2012).

## III. Discussion

### A. Subject Matter Jurisdiction

Wright claims CrossCountry violated the FCRA and the FCCPA. (Doc. 1 ¶ 170-184.) The Court has original jurisdiction over Wright's claim under the FCRA because it presents a federal question. 28 U.S.C. § 1331. And the Court has supplemental jurisdiction over his FCCPA claim because it "arise[s] out of a common nucleus of operative fact" and "form[s] part of the same case or controversy." *Williams v. Monroe Cnty. Dist. Att'y*, 702 F. App'x 812, 815 (11th Cir. 2017); *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997). Thus, the Court has subject matter jurisdiction over these proceedings.

### B. Personal Jurisdiction

"The Due Process Clause . . . protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013). Thus, before entering default judgment, the Court must assure itself that service was proper, Florida's long-arm statute reaches CrossCountry, and maintenance of the suit would not offend due process. *Golembiewski*, 2023 WL 4931218, at *3. If any of these requirements are missing, the default judgment against CrossCountry would be void. *Nu Image, Inc.*, 2012 WL 1890829, at *2.

#### 1. Wright Properly Served CrossCountry

Rule 4(h) governs service on a corporation. It provides Wright could serve CrossCountry by delivering copies of the summons and complaint to its registered agent. Fed. R. Civ. P. 4(h)(1)(B).

CrossCountry is a citizen of Delaware. According to the Delaware Secretary of State's website, its registered agent is The Corporation Trust Company in Wilmington, Delaware. *See* Delaware Department of State, Division of Corporations, File Number 7633475. Wright's return of service attests that a copy of the summons and complaint were served on Robin Hutt Banks, an "intake manager" for the Corporation Trust Company. (Doc. 10 at 3.) This establishes a prima facie case of proper service. *Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011); *see United States v. Formoso*, No. 6:22-CV-1639-RBD-EJK, 2022 WL 17738710, at *1 (M.D. Fla. Dec. 16, 2022) (finding proper service on the defendant's registered agent under Rule 4(h)(1)(B) when the complaint was left with the agent's intake specialist).

### 2. This Court has Specific Personal Jurisdiction Over CrossCountry Under Florida's Long-Arm Statute

CrossCountry is a citizen of Delaware and Ohio. But that does not place CrossCountry beyond this Court's reach. Florida's long-arm statute empowers this Court to exercise jurisdiction over citizens of other states. Two sections apply here.

5

First, "[t]he long-arm statute confers personal jurisdiction over non-residents who [c]ommit[ ] a tortious act within [Florida]." *Sean Dawkins v. Blue Dart Ventures, LLC, Steven Craig Mitchem, & Joshua Lane Mitchem*, No. 8:20-CV-2353-MSS-TGW, 2021 WL 2823454, at *2 (M.D. Fla. Apr. 1, 2021). "[F]irmly established precedent interprets this provision to apply to defendants committing tortious acts outside the state that cause injury in Florida." *Id*.

Second, citizens of other states who "own or hold a mortgage or lien on real property within [Florida]" are subject to this Court's jurisdiction if "the plaintiff's claim arose from" the defendant's ownership of that mortgage or lien. § 48.193(1)(a)(3) Fla. Stat. (2023); *Wells Fargo Equip. Fin., Inc. v. Bacjet, LLC*, 221 So. 3d 671, 674 (Fla. Dist. Ct. App. 2017). "For a plaintiff's claim to arise from the defendant's actions, there must be a direct affiliation, nexus, or substantial connection between the basis for the plaintiff's claim and the defendant's activity in the state." *Bacjet, LLC*, 221 So. 3d at 674.

The long-arm statute empowers this Court to exercise jurisdiction over CrossCountry under either section. Violations of the FCCPA are tortious acts. *Dawkins*, 2021 WL 2823454, at *3. And Wright alleges CrossCountry violated the FCCPA when it mismanaged the mortgage it held on his property in Florida. (Doc. 1 ¶ 26). As a result, the complaint alleges enough facts to bring CrossCountry within this Court's orbit.

### 3. Exercising Jurisdiction over CrossCountry Would Not Offend Due Process

Determining whether jurisdiction over CrossCountry offends due process is a distinct analysis from defining the reach of Florida's long-arm statute. *CJS Sols. Grp., LLC v. Tokarz*, No. 3:20-CV-65-MMH-JRK, 2021 WL 848159, at *9 (M.D. Fla. Mar. 5, 2021). And "the Court must engage in the [Eleventh Circuit's] three-part due process analysis" before exercising jurisdiction over CrossCountry. *Id*.

The test "examines: (1) whether [Wright]'s claims arise out of or relate to at least one of [CrossCountry]'s contacts with the forum; (2) whether [CrossCountry] purposefully availed [it]self of the privilege of conducting activities within [Florida], thus invoking the benefit of [Florida]'s laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Wright bore the burden of establishing the first two factors. *Id*. CrossCountry was responsible for the third. *Id*.

The first factor is satisfied. Wright obtained a mortgage loan from CrossCountry for his home in Florida. CrossCountry granted him forbearance after Hurricane Ian but never honored it. Instead, CrossCountry sought to collect payment through phone calls and letters, increasing Wright's monthly payments to cover the "principal, interest and late fees" from the three months

7

the loan was in forbearance, and threatening to "withhold the insurance proceeds from the damage caused to Plaintiff's home by Hurricane Ian." (Doc. 1 ¶¶ 49-51, 126-31, 171.) These allegations form the foundation of Wright's FCCPA claim. And they form a direct causal relationship between CrossCountry and Florida. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1356.

The second factor is also met. To find CrossCountry has purposefully availed itself of the privilege of doing business in Florida, the Court must find CrossCountry's contacts with this state result from "[it]s own choice and [are] not random, isolated, or fortuitous." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Essentially, CrossCountry's contacts with Florida "must show that [it] deliberately reached out beyond its home [to Florida]—by, for example . . . entering a contractual relationship centered [here]." *Id.*

CrossCountry reached into Florida when it contracted to mortgage Wright's home. (Doc. 1 ¶ 26.) And Wright's claims against CrossCountry stem from its administration of his mortgage. (Doc. 1 ¶¶ 49-51, 126-31, 171.) Thus, Wright's injuries "arise out of or relate to" CrossCountry's contacts with Florida and CrossCountry had "fair warning" that it could be sued here. *Ford Motor Co.*, 592 U.S. at 362; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

8

Finally, CrossCountry has not appeared or offered evidence to suggest this Court's jurisdiction would thwart traditional notions of fair play and substantial justice. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355. Still, the Court has considered "(1) the burden on [CrossCountry]; (2) the forum's interest in adjudicating the dispute; (3) [Wright's] interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1358. Having independently weighed these factors, the Court finds exercising jurisdiction over CrossCountry will not violate due process.

## C. Wright Pleads Sufficient Facts to State Plausible Claims Under the FCCPA

Entering a default judgment is warranted only when "the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought." *Golembiewski*, 2023 WL 4931218, at *2. A sufficient basis is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id*. Thus, the Court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*.

The FCCPA states that "[i]n collecting consumer debts, no person shall . . . [c]laim, attempt, or threaten to enforce a debt when [they] know[] that the

9

debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). "Thus, to state the claim under [the FCCPA], Plaintiff must allege: (1) an illegitimate debt [or assertion of a right that does not exist]; (2) a threat or attempt to enforce that debt; and (3) actual knowledge that the debt is illegitimate." *Denning v. Mankin L. Grp., P.A.*, No. 8:21-CV-2822-MSS-MRM, 2022 WL 3365273, at *11 (M.D. Fla. Aug. 11, 2022); *Perez-Guma v. Nissan Motor Acceptance Corp.*, No. 17-14232-CV, 2017 WL 5179913, at *3 (S.D. Fla. Nov. 7, 2017).

CrossCountry granted Wright forbearance on his mortgage payments for October, November, and December 2022. (Doc. 1 ¶¶ 36, 38.) Yet it never honored the forbearance. Instead, CrossCountry tried to collect payment through phone calls and letters, increasing Wright's monthly payments, and threatening to "withhold the insurance proceeds from the damage caused to Plaintiff's home by Hurricane Ian." (Doc. 1 ¶¶ 49-51, 126-31.) Throughout this process, Wright repeatedly reminded CrossCountry that his loan was in forbearance. (Doc. 1 ¶¶ 42-45, 60-64.) CrossCountry was also informed that Wright disputed consumer reports based on incorrect information provided by the company. (*Id.* ¶¶ 69-71, 74-77, 81-82.) It made no difference. Taking these facts as true, Wright has stated a plausible claim for relief under the FCCPA.

### D. Damages

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." *Baumann v. Prober & Raphael*, No. 615CV1951ORL40GJK, 2017 WL 10350673, at *2 (M.D. Fla. May 17, 2017). Instead, the Court must ensure there is a legitimate basis for any damage award it enters. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

Generally, damages as part of a default judgment cannot be awarded without a hearing, "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Organizacion Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017). Nor is a hearing needed if "the record adequately reflects the basis for award . . . by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). But it is not enough for a plaintiff seeking default judgment to "merely tell[] the Court in summary fashion what [his] damages are[.]"*Cabbil v. Res. Horizons Grp., LLC*, No. 2:14-CV-2017-JHH, 2015 WL 1840476, at *2 (N.D. Ala. Apr. 22, 2015). He must "show the Court what those damages are, how they are calculated, and where they come from." *Id*. If he fails to do so, an evidentiary hearing is required. *Organizacion Miss Am. Latina, Inc.*, 712 F. App'x at 948.

Wright seeks "actual, statutory, and punitive damages" as well as his attorneys' fees and costs under Fla. Stat. § 559.77(2). (Doc. 1 ¶¶ 183-84.) These components are addressed in turn.

### 1. Wright has Shown Entitlement to Statutory Damages

Statutory damages are awardable under the FCCPA when a defendant commits one of the prohibited practices. Fla. Stat. § 559.72(2). But they are capped at $1,000. *William O'Driscoll, v. Arbor Grove Condo. Ass'n, Inc., & Resource Property Management, Inc.*, No. 8:22-CV-1984-VMC-JSS, 2024 WL 493084, at *10 (M.D. Fla. Feb. 7, 2024) (collecting cases). To obtain statutory damages, Wright need only show CrossCountry committed one of the prohibited acts. *Barardi v. Select Portfolio Servicing, Inc.*, 2017 U.S. Dist. LEXIS 160951, *9 (S.D. Fla. April 4, 2017). It is irrelevant whether he was actually injured. *Golembiewski*, 2023 WL 4931218, at *4. As outlined above, Wright has pled facts showing CrossCountry violated § 559.72(9).

Statutory damages under the FCCPA are liquidated and may be awarded without a hearing. *Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So. 2d 196, 200 (Fla. 1976). Wright's entitlement to the full $1,000 recoverable under the Act, or something less, is left to the Court's discretion. *Baumann*, 2017 WL 10350673, at *2.

The allegations in the complaint, admitted by CrossCountry, show it was aware that Wright's mortgage was in forbearance, not default, between

October and December 2022. (Doc. 1 ¶¶ 42-45, 60-64, 69-71, 74-77, 81-82.) Despite this knowledge, CrossCountry made repeated efforts to collect payment, to include threatening to withhold the insurance proceeds Wright needs to repair damage caused to his home by Hurricane Ian. (*Id.* ¶¶ 49-51, 126-31.) More troubling still, CrossCountry continues to treat Wright's mortgage as if it were in default. (*Id.* ¶¶ 130-31.) The nature, frequency, and persistence of its attempts to collect payment, coupled with the extent of its misconduct, dictates that Wright should recover the full statutory damages available under § 559.72(2).

### 2. Wright has not Shown Entitlement to Actual or Punitive Damages

Actual and punitive damages are also awardable under the FCCPA. *See* Fla. Stat. § 559.72(2), (9). Wright asks the Court to award him $10,000 in actual damages and $10,000 in punitive damages. (Doc. 79, Doc. 79-2.) But Wright never explains how he arrived at either figure. Instead, they are presented in summary fashion. (*Id.*) The Court cannot award actual or punitive damages on this record. *Adolph Coors Co.*, 777 F.2d at 1543-44; *Cabbil*, 2015 WL 1840476, at *2. Thus, Wright must make his claim for actual and punitive damages at an evidentiary hearing.

### 3. Plaintiff's Request for Attorney's Fees and Costs is Premature

Attorney's fees and costs are also recoverable under the FCCPA. "But Local Rule 7.01 and Fed. R. Civ. P. 54. require any demand for fees and costs to be made *after* entry of judgment. Thus, these requests should be made by separate motion." *Alexander Produce, Inc. v. DGR Sales, LLC*, No. 2:21-CV-495-JLB-KCD, 2022 WL 17370251, at *4 (M.D. Fla. Sept. 20, 2022) (emphasis added).

### E. Wright Abandoned the FCRA Claim

As mentioned, Wright's complaint also seeks relief under the FDCPA. His motion for default judgment, however, makes no mention of this claim. A plaintiff abandons a cause of action by omitting it from their motion for default judgment. *E-Z-Dock, Inc. v. KonaDocks LLC*, No. 6:21-CV-2155-ACC-EJK, 2022 WL 8221613, at *1 n. 1 (M.D. Fla. Aug. 5, 2022). Accordingly, Wright's FDCPA claim should be dismissed.

For these reasons, the Court **RECOMMENDS** that:

1. Wright's Motion for Default Judgment be **GRANTED** as to CrossCountry's liability under the Florida Consumer Collection Practices Act;

2. Wright be awarded $1,000 in statutory liquidated damages;

3. Wright's request for fees and costs be decided at the conclusion of the case consistent with Local Rule 7.01;

4. The Court set an evidentiary hearing to determine Wright's economic and unliquidated damages;

5. Wright's claim under the Fair Credit Reporting Act be dismissed; and

6. The Clerk **MAIL** a copy of the Court's Order and any notice of hearing to CrossCounty at the following address:

> C T CORPORATION SYSTEM
> 1200 SOUTH PINE ISLAND
> PLANTATION, FL 33324

**ENTERED** in Fort Myers, Florida on February 21, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.